UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZMAN HUSSAIN,<br><br>    Plaintiff,<br><br>v.<br><br>BURGER KING CORPORATION,<br><br>    Defendant. | Case No. 22-cv-02258-HSG<br><br>**ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 18 |

Before the Court is Defendant's administrative motion to file documents under seal. Dkt. No. 187. The Court **GRANTS** the motion.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must explain "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). The request must be "narrowly tailored to seal only the sealable material." *Id.* at 79-5(c)(3).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

Defendant seeks to seal two exhibits related to its motion to compel arbitration or transfer the case. Because the motion to compel arbitration is more than tangentially related to the underlying action, the Court applies the "compelling reasons" standard. The exhibits are screenshots of Defendant's internal records regarding Plaintiff, contained in Burger King's customer data collection system.

Because the documents divulge confidential business information unrelated to the public's understanding of the judicial proceedings in this case, the Court finds that Defendant has established compelling reasons to file the documents under seal.

First, the Court did not rely on the documents that are the subject of the motion to seal. Plaintiff voluntarily dismissed this case before the Court ruled on the motion to compel arbitration. *See* Dkt. No. 28. Thus, these documents are unrelated to the public's understanding of the judicial proceedings in this case, and the public's interest in disclosure of these documents is minimal. *See In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in accessing these documents is even further diminished in light of the fact that the Court will not have occasion to rule on Plaintiffs' Motion for Class Certification."). Second, the documents reveal Defendant's proprietary system for collecting and analyzing customer information relating to customer purchases. Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Rodman v. Safeway, Inc.*, No. 11-CV-03003-JST, 2013 WL 12320765, at *2 (N.D. Cal. Oct. 30, 2013) (finding sealable "internal information not otherwise made available" regarding business "transaction and customer data"). Moreover, the request is narrowly tailored because Defendant seeks to seal the content and format of its internal systems, not the purchase history relevant to the motion to compel.

### III.   CONCLUSION

Accordingly, the Court **GRANTS** the administrative motion to seal. Dkt. No. 18. Documents that are the subject of this motion will remain under seal. *See* Civ. L.R. 79-5(g)(1).

**IT IS SO ORDERED.**

Dated:   3/15/2023

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge